# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DONNA LEHMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-319 CAS |
| | ) | |
| DAVIDSON HOTEL COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This removed diversity matter is before the Court on review of the file. For the following reasons, the Court concludes that it lacks subject matter jurisdiction over this matter and will remand it to the state court from which it was removed.

**I. Background**

Plaintiff Donna Lehmann filed suit in the Circuit Court of St. Louis County, State of Missouri. The Petition alleges a state law claim for personal injury arising from a slip and fall on defendant Davidson Hotel Company, LLC's hotel premises. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

On February 19, 2015, the Court issued a Memorandum and Order which stated that the Petition and Notice of Removal did not adequately establish (1) the citizenship of each member of the defendant limited liability company, and (2) that an amount in excess of $75,000 was at issue, and ordered defendant to file an amended Notice of Removal. In response, defendant filed an Amended Notice of Removal and then a Second Amended Notice of Removal.

## II. Legal Standard

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the court's jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii); Ratermann v. Cellco P'ship, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). Removal statutes are strictly construed, and any doubts about the propriety of removal and the existence of federal jurisdiction are to be resolved in favor of remand. Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007).

To establish diversity of citizenship, there must be allegations of each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), (c)(1); see Sanders v. Clemco Indus., 823 F.2d 214, 215 n.1 (8th Cir. 1987). For a limited liability company such as the defendant in this case, however, the states of its incorporation and principal place of business are irrelevant. Federal courts must examine the citizenship of each member of the limited liability company to determine whether complete diversity of citizenship exists. GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("GMAC"). In a removed case, diversity must exist both when the state petition is filed and when the petition for removal is filed. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citing 28 U.S.C. § 1447(e)).

**III. Discussion**

The Petition alleges that plaintiff is a citizen and resident of the State of Missouri, and that defendant is a "company duly organized [and] existing under the laws of the State of Missouri." Petition at 1, ¶¶ 1-2. Defendant alleged in its Notice of Removal that it is a limited liability company organized under the laws of Delaware with its principal place of business in Georgia. Notice of Removal at 2. In response to the Order Concerning Removal, defendant's Second Amended Notice of Removal states the following concerning its members:

> Defendant Davison [sic] Hotel Company LLC is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. None of Defendant's members, officers or directors are residents of Missouri. Specifically, DHH Holdings LLC is the sole member of Davidson Hotel Company LLC with no members, officers or directors being residents of Missouri. DHH Holdings LLC is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. DHH Holdings LLC is a holding company and has no members. The above statements are true both at the time of filing and at the time of removal. See also Defendant's Corporate Interest Disclosure Statement previously filed with the Court.

Second Amended Notice of Removal at 2 (Doc. 13).

Here, defendant asserts that its sole member is a Delaware limited liability company, DHH Holdings LLC, that has no members, and therefore complete diversity of citizenship exists.[1] The

---

[1]The Court was not aware that an LLC could have no members. Research reveals that such LLCs can exist under the laws of some states, and are sometimes referred to as "shelf LLCs." The following discussion of the drafting committee's 2006 revisions to the Uniform Limited Liability Company Act offers some explanation:

F. THE QUESTION OF THE "SHELF LLC"
    In practice, many attorneys (and their clients) wish to have a limited liability company formed and on the public record while the relevant deal coalesces--i.e., before the precise identity and relationship of the members has been finally determined. In theory, according to some advisors to the Drafting Committee, a member-less LLC is an oxymoron and having an LLC waiting "on the shelf" for the members to be identified is an example of the "corpufuscation" of partnership law.

Court has found only one other case that addresses a similar situation. In ConnectU LLC v. Zuckerberg, 482 F.Supp.2d 3 (D. Mass. 2007), rev'd on other grounds, 522 F.3d 82 (1st Cir. 2008), the district court analyzed the status of a shelf registration LLC for purposes of federal diversity jurisdiction. The plaintiff Delaware LLC was formed with no members and no agreement about how it would be run and members were admitted retroactively to the date of formation pursuant to a later operating agreement, as permitted by the Delaware statute. After an extensive discussion of Delaware law that governed the LLC's status, and having found that the LLC had no members when the complaint was filed – a disputed issue – the district court concluded there was no federal diversity jurisdiction because an LLC without members is a citizen of no state, explaining:

---

      No issue roiled the drafting process to this Act more than the question of 'shelf LLCs,'" and a compromise was reached at the Drafting Committee's final meeting (during the 2006 annual meeting). Most LLCs will be formed with at least one person becoming a member upon formation, but the new Act "permits an organizer to file a certificate of organization without a person 'waiting in the wings.'" For the latter situation, the Act requires two filings to form the LLC. The organizer must first deliver the certificate of organization for filing, and, "if the company will have no members when the [Secretary of State] files the certificate, [the certificate must contain] a statement to that effect."
      The first filing is a just a precursor. Section 201 "provides that the LLC is not formed until and unless at least one person becomes a member and the organizer makes a second filing stating that the LLC has at least one member." The second filing must state "the date on which a person or persons became the company's initial member or members."
      The Act suggests a deadline of 90 days for the second filing. If the deadline is not met, the original filing "lapses and is void." If the deadline is met, the limited liability company is "deemed formed as of the date of initial membership stated" in the required second filing.

Daniel S. Kleinberger, Carter G. Bishop, *The Next Generation: The Revised Uniform Limited Liability Company Act*, 62 Bus. Lawyer 515 (Feb. 2007) (footnotes omitted).

> Given that an LLC is a citizen of the state or states of which its members are citizens, having no members effectively rendered ConnectU stateless when the complaint was filed. In these circumstances, the Plaintiff cannot meet the requirements of Title 28 U.S.C. § 1332(a)(1) that the dispute be between citizens of different states and, as a result, the complaint should be dismissed for lack of subject matter jurisdiction. See, e.g., Newman-Green [v. Alfonzo-Larrain], 490 U.S. [826] at 828-830, 109 S. Ct. 2218 [(1989)] (an individual defendant's "'stateless' status destroyed complete diversity"). Having reached this conclusion, the Court need go no further.

ConnectU LLC, 482 F.Supp.2d at 27. See also CTGW, LLC v. GSBS, PC, 2010 WL 2739963, at *3 (W.D. Wis. July 12, 2010) (because citizenship of an LLC is that of its members, "If one member of a limited liability company is 'stateless,' the limited liability company itself is stateless and jurisdiction cannot be premised on § 1332(a)."); Thompson v. Deloitte & Touche LLP, 503 F.Supp.2d 1118, 1123 (S.D. Iowa 2007) (where one partner of limited liability partnership was "stateless," the partnership was "stateless" for purposes of federal diversity jurisdiction: "[I]n applying the well established premise that a limited liability partnership has the citizenship of all of its partners, it would necessarily follow that one stateless partner would render the partnership to be stateless as well.").

Here, defendant Davidson Hotel Company LLC has one member, a Delaware LLC that had no members at the time the Petition was filed and at the time of removal. Because the citizenship of a limited liability company for diversity purposes is that of its members, GMAC, 357 F.3d at 829, the Court concludes defendant Davidson Hotel Company LLC is effectively rendered "stateless" for purposes of federal diversity jurisdiction because its sole member has no members. Defendant therefore cannot show that this dispute is between citizens of different states, and subject matter jurisdiction is lacking.

## IV. Conclusion

For the foregoing reasons, the Court concludes that defendant has failed to meet its burden to establish complete diversity of citizenship, and therefore fails to show that all prerequisites to federal jurisdiction are satisfied. As a result, the Court does not address whether defendant can establish by a preponderance of the evidence that an amount in excess of $75,000 is in controversy. This matter must be remanded for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri, for lack of subject matter jurisdiction.

An appropriate order of remand will accompany this Memorandum and Order.

                                    **CHARLES A. SHAW**
                                    **UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of February, 2015.